UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brent Lynch,                                                                Civil No. 17-1917 (DWF/TNL)

          Petitioner,

v.                                                                                        **ORDER ADOPTING REPORT
                                                                                           AND RECOMMENDATION**

Eddie Miles, Warden, Stillwater
Correctional Facility, Minnesota,

          Respondent.

The above matter comes before the Court upon Petitioner Brent Lanier Lynch's ("Petitioner") objections (Doc. No. 12) to Magistrate Judge Tony N. Leung's January 30, 2018 Report and Recommendation (Doc. No. 11) insofar as it recommends that: (1) Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus be granted; (2) the Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 be dismissed; and (3) a certificate of appealability not issue.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).   The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.   In the habeas petition under review, Petitioner alleged four grounds for relief:   (1) ineffective assistance of appellate counsel in violation of his Sixth Amendment rights; (2) denial of right to counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights when a hearing occurred while he was unrepresented;

(3) denial of right to counsel of choice in violation of the Sixth Amendment; and (4) denial of right to counsel that is free from conflict of interest in violation of the Sixth Amendment. In the Report and Recommendation, the Magistrate Judge found that ground one is procedurally defaulted because Plaintiff failed to bring his ineffective-assistance-of-counsel claim directly to the Minnesota Supreme Court. In addition, the Magistrate Judge found that grounds two, three, and four were procedurally barred by the Minnesota state courts, which held that the claims were procedurally defaulted, and that Petitioner cannot show any cause excusing this default. Specifically, the Magistrate Judge explained that Petitioner cannot rely on ineffective assistance of appellate counsel to establish cause for his default where he procedurally defaulted on that claim as well. In sum, the Magistrate Judge concluded that all of Petitioner's claims were procedurally barred and that his habeas petition must be dismissed.

In his objections to the Report and Recommendation, Petitioner asserts that a "hypertechnical application" of exhaustion caselaw is required to reach the Magistrate Judge's conclusions and that he exhausted his ineffective-assistance-of-counsel claim by putting key facts to support such a claim before the Minnesota Supreme Court. Moreover, with respect to grounds two, three, and four, Petitioner argues that it is appropriate to consider whether he is able to show cause and prejudice due to ineffective assistance of appellate counsel because he fairly presented and fully exhausted that claim.

Respondent challenges Petitioner's arguments and urges the Court to adopt the Report and Recommendation. Consistent with the Magistrate Judge's conclusions,

Respondent argues that Petitioner did not raise an ineffective-assistance-of-appellate counsel claim to the Minnesota Supreme Court, and that the procedural default of the ineffective-assistance-of-counsel claim means that this claim cannot constitute cause to overcome the procedural defaults of grounds two, three, and four.

The Court agrees with Respondent and concludes that based on a *de novo* review of the record and all of the files, records, and proceedings herein, there is no reason that would warrant a departure from the Magistrate Judge's recommendation.   Accordingly, the Court now makes and enters the following:

### ORDER

1. Petitioner Brent Lanier Lynch's objections (Doc. No. [12]) to Magistrate Judge Tony N. Leung's January 30, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's January 30, 2018 Report and Recommendation (Doc. No. [11]) is **ADOPTED**.

3. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. [7]) is **GRANTED**.

4. The Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. No. [1]) is **DISMISSED**.

5.Petitioner is not granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 19, 2018s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge